(February 13, 1907.)

## JAMES LITTLE, Respondent, v. LOUIS CRAWFORD et al., Appellants.

[88 Pac. 974.]

ACTION TO QUIET TITLE—OPEN, NOTORIOUS AND ADVERSE POSSESSION—
TITLE BY PRESCRIPTION—COLOR OF TITLE.

1. Where C. was in the possession of real estate, and conveyed same by quitclaim deed to L., and L. took possession thereof under claim and color of title, and held open, notorious and adverse possession under such claim of title, and made valuable improvements thereon, and paid all taxes assessed against said property for a period of more than five years, he secured title thereto by adverse possession or prescription.

2. ''Color of title'' is that which in appearance is title, but which in reality is not title.

(Syllabus by the court.)

APPEAL from District Court of Seventh Judicial District for Canyon County. Hon. Frank J. Smith, Judge.

Action to quiet title to one hundred and sixty acres of land. Judgment for the plaintiff confirming title in him. *Affirmed.*

Griffiths & Griffiths and H. E. Wallace, for Appellants.

The tax sale certificate and the tax deed issued by the assessor and tax collector to Basye were void, for the reason that the property was assessed to J. C. Crawford and not to the heirs of Joseph Crawford, deceased, or to the administrator of the decedent's estate, as required by the laws of Idaho. (Rev. Stats., sec. 1443; Cooley on Taxation, 3d ed., pp. 734, 913, 914, and cases cited; *Carithers v. Weaver,* 7 Kan. 110.)

No additional or different right of title could be acquired by Basye, who had the place rented, or by the administrator, or any heir, or by any agreement between any of them, in permitting the taxes to become delinquent and the property

sold for taxes and purchased by either of them. The tax deed to Basye and the quitclaim deed to E. J. Crawford by Basye, under their agreement, were wholly void, and operated only as a payment of the taxes. (*Delashmutt v. Parrent,* 39 Kan. 548, 18 Pac. 712.) One standing in the relationship of co-owner will not be permitted to procure the title through a delinquent tax sale and thereby defeat the title of his co-owners.

The heir, E. J. Crawford, entered into possession in 1895, as one of the co-owners of this land, and held it jointly for himself and all the other heirs of Joseph Crawford.

The respondent, James Little, acquired whatever right he had through a quitclaim deed from E. J. Crawford, and therefore stands in the same position as his grantor; that is, he acquired one heir's interest, and holds the possession for himself and all the other heirs.

"A purchaser of real estate who takes a quitclaim deed from his grantor is presumed to have notice of any defects in his grantor's title; and he purchases at his own risk." (*Leland v. Isenbeck,* 1 Idaho, 469; *City and County of San Francisco v. Lawton,* 18 Cal. 465, 79 Am. Dec. 187; *Carpenter v. Williamson,* 25 Cal. 154; *Graff v. Middleton,* 43 Cal. 341; *Cadiz v. Major,* 33 Cal. 288.)

One co-owner in possession cannot claim adversely to the other co-owners, and the statute of limitations will not run in favor of the one co-owner as against the other co-owners. The statute could not begin to run in favor of any claim respondent might have made, in any event, until he brought home to the other heirs a knowledge of the nature and extent of his adverse claim. (*Ballard v. Golob* (Colo.), 83 Pac. 376; *McMahon v. McGraw,* 26 Wis. 614; *Holloway v. Clark,* 27 Ill. 484; *Gilman v. Riopelle,* 18 Mich. 145; *McGee v. Holmes,* 63 Miss. 50; *Poole v. Ellis,* 64 Miss. 555, 1 South. 725; *Krutz v. Fisher,* 8 Kan. 90; *Baker v. Whiting,* Fed. Cas. No, 787, 3 Sum. 475; *Millett v. Lagomarsino* (Cal.), 36 Pac. 308; *Richards v. Richards,* 75 Mich. 408, 42 N. W. 954; 1 Ency. of Law, 794, and notes.)

Ira E. Barber, for Respondent.

The entry of E. J. Crawford and wife under their deed from Basye was within itself, taken with the exclusive character of his occupancy, an effective ouster, and started running the statutes of limitation.

A tenant in common will be presumed to have notice of the adverse holding of a cotenant where the hostile character of the possession is so openly manifested that a man of reasonable diligence would discover it. (*Van Gunden v. Virginia, C. & I. Co.*, 52 Fed. 838, 3 C. C. A. 294.)

If one tenant in common has been in possession a great many years without any accounting to his fellow-commoners, this is proper evidence from which the jury may infer an adverse possession. (Freeman on Cotenancy, 242; *Bryan v. Atwater*, 5 Day, 181, 5 Am. Dec. 136; *Robidoux v. Cassilege*, 10 Mo. App. 516; *Warfield v. Lindell*, 38 Mo. 561, 90 Am. Dec. 443.)

The entry of plaintiff under his purchase was effective as an ouster of defendants, started the statutes to running on the initiation of his title, and having been maintained for the prescriptive period, and the other requisites of an adverse possession having been by him complied with, ripened his claim into a title absolute. (*Packard v. Moss*, 68 Cal. 123, 8 Pac. 819; *Spect v. Hagar*, 65 Cal. 443, 4 Pac. 420; *Frick v. Sinon*, 75 Cal. 337, 17 Pac. 439; *Unger v. Mooney*, 63 Cal. 586, 49 Am. Rep. 100; *Armijo v. Neher*, 11 N. Mex. 645, 72 Pac. 12; *Winterburn v. Chambers*, 91 Cal. 170, 27 Pac. 658; Tiedeman on Real Property, 251.)

Where a tenant in common is in exclusive possession, and conveys to another by deed purporting to convey the whole estate, and puts the grantee in possession, it is such a disseisin as will set the statutes of limitation to running in grantee's favor. (*Bath v. Valdez*, 70 Cal. 350, 11 Pac. 727; *Frick v. Sinon*, 75 Cal. 337, 17 Pac. 439; *Unger v. Mooney*, 63 Cal. 586, 49 Am. Rep. 100.)

Possession under color of title for the period of statutory limitation confers upon the holder a perfect title in law. (1 Warvelle on Vendors, 50.)

A quitclaim deed is as effectual to pass title as a grant or bargain and sale. Such a deed, therefore, gives color of right. (*Packard v. Johnson* (Cal.), 4 Pac. 636.)

A void tax deed is sufficient color of title to sustain the bar of the statute of limitation. (*Winterburn v. Chambers*, 91 Cal. 170, 27 Pac. 658; *Ward v. Huggins*, 7 Wash. 617, 32 Pac. 740, 1015, 36 Pac. 285.)

However incompetent may have been the power of the grantor in a conveyance to pass title to the subject thereof, yet a claim asserted under the provisions of such a deed is strictly a claim under color of title, and one which will draw to the possession of the grantee the protection of the statutes of limitation, other requisites being complied with. (*Wright v. Madison*, 18 How. (U. S.) 50, 15 L. ed. 280; *Hall v. Law*, 102 U. S. 461, 26 L. ed. 617; *Swift v. Mulkey*, 17 Or. 532, 21 Pac. 871; *Weber v. Clarke*, 75 Cal. 11, 15 Pac. 432.)

As to the defendants, the doctrine of estoppel lies. One cannot stand by idly and silent, permit another to expend money, time and effort in the acquisition and betterment of lands, participate in the profits, and proceeds of transaction, and then be heard to say that grantor had not all the title. (2 Pomeroy Eq. Jur., 1905 ed., 807.)

SULLIVAN, J.—This is an action to quiet title to the south half of the southwest quarter of section 2, and the south half of the southeast quarter of section 3, township 6 north, range 2 west, B. M.

On August 21, 1885, one Joseph Crawford died, unmarried and intestate, seised of an unperfected homestead claimant's possessory right to said lands. Administration was begun on his estate in Ada county shortly after his death and has not yet been closed up. On June 27, 1899, the United States government issued patent conveying said land to the heirs of Joseph Crawford, deceased.

Pursuant to an undertaking between the administrator and one Basye, the taxes on said land were allowed to become delinquent for the year 1893, and sold by the assessor to said Basye on February 5, 1894. By the terms of said agreement or understanding Basye was to procure a tax deed and then execute a quitclaim deed to one of the heirs of said deceased, for the purpose of extinguishing the right of the other heirs to the homestead. This was on the theory that the land was of so little value that if it was sold at administrator's sale, the heirs would not realize anything from it.

On November 29, 1895, Basye and wife conveyed said land to Christena E. Crawford, wife of one of the brothers of deceased, and she and her husband entered into the possession thereof and held possession thereof until the sale to plaintiff. On September 9, 1899, the said Christena and husband conveyed by quitclaim deed all of said premises to the respondent, James Little, for the consideration of $1,250. The record shows that Little bought in good faith and paid full value for the property involved. Under his quitclaim deed, he entered into possession of said land on November 15, 1899, and has remained in continuous, open, notorious and adverse possession of said premises from that date until the date of the commencement of this action, to wit, February 10, 1905. He paid all taxes assessed against said property from 1899 to 1904, inclusive, and exercised during all that time full control and ownership over said land, and placed valuable improvements thereon of the value of more than $5,000. Under those facts, it is contended that the court erred in entering judgment for the respondent.

Some objection is made to the tax sale certificate and the tax deed, and it is contended that they were void, for the reason that the property was assessed to J. C. Crawford, and not to the heirs of Joseph Crawford or to the administrator of the decedent's estate, as required by the statutes of the state. There is nothing in that contention. While there is, perhaps, a technical defect there, it is not sufficient to warrant the reversal of this case.

It is also contended that the arrangement entered into between Basye and one of the Crawfords, whereby the taxes were permitted to become delinquent and Basye was to bid in the property at the tax sale and thereafter convey the same to said Crawford, could not deprive the heirs of their interest in said real estate.

This transaction is fully set forth in the evidence, and it appears that the land was of very little value at the time of said arrangement between Basye and Crawford, and several hundred dollars had been expended by said Crawford and his brother in the protection of said land, and that if the land was sold by the administrator, the heirs would probably realize nothing from the sale. But so far as Little is concerned, that cuts no figure whatever. Little purchased in good faith and for a valuable consideration and received a quitclaim deed to said premises and entered upon it in 1899, and continued in undisputed and adverse possession thereof up to the time of bringing this suit, for a period of more than five years, and paid all taxes assessed against said premises and claimed to own it as against all the world. All of the heirs of said deceased were of age, or became so before the bringing of this suit, and they gave the matter no attention whatever. By their neglect and carelessness for a period of more than five years, they are now estopped from claiming any interest whatever in said land, or, rather, Little has become the owner by adverse possession and other acts for a period of more than five years.

If they have any remedy whatever, it is against Christena E. Crawford and her husband for their proportion of the purchase price paid to them by Little. Little held said land under the quitclaim deed from Christena and her husband, that being color of title.

In *Johnson v. Hurst,* 10 Idaho, 308, 77 Pac. 784, this court discussed what constituted color of title, and quote from *Wright v. Mattison,* 18 How. (U. S.) 50, 15 L. ed. 280, as follows: "A claim to property under a conveyance, however inadequate to carry the true title to such property, and however incompetent might have been the power of grantor

in such conveyance to pass a title to the subject thereof, yet a claim asserted under the provisions of such deed is strictly a claim under color of title."

In the case at bar, Little claimed under a quitclaim deed from Crawford and was, therefore, claiming under "color of title."

The judgment is affirmed and costs are awarded to respondent.

Ailshie, C. J., concurs.